IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **MARVIN C. ROBINSON,** | **Case No. 1:18-CV-556** |
| **Petitioner,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| | **Magistrate Judge Thomas M. Parker** |
| **ED SHELDON, Warden** | |
| **Respondent** | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court upon the Report & Recommendation ("R&R") of Magistrate Judge Thomas M. Parker (Doc. No. 12), which recommends that Petitioner Marvin C. Robinson's Petition for Writ of Habeas Corpus (Doc. No. 1) be denied. Petitioner has filed Objections to the R&R. (Doc. No. 14.) Respondent Warden Ed Sheldon did not file a Response to Petitioner's Objections. For the following reasons, Petitioner's objections to the R&R are overruled. The R&R is adopted as set forth below and the Petition is DENIED.

**I.    Procedural Background**

  **A.    Initial State Court Proceedings**

According to the Court of Appeals for the Eighth District of Ohio (hereinafter, "state appellate court"), Petitioner Marvin Robinson ("Petitioner" or "Robinson") and his codefendant Charles Harris were "accused of violently beating the victim, Michael Morgan ('Morgan'), to death and stealing his belongings" on July 16, 2012. *State v. Robinson*, No. 99917, 2014 WL 2986475, at *1 (Ohio App. 8th Dist. July 3, 2014). On August 3, 2012, a Cuyahoga County, Ohio grand jury indicted Robinson on two counts of aggravated murder, one count of aggravated robbery, one count of felony murder, and one count of felonious assault. (Doc. No. 12, PageID# 1300.)

The Magistrate Judge summarized the events in the trial court following the close of evidence:

The defense rested its case on March 22, 2013. ECF Doc. 7-5 at 154-55. Thereafter, the court gave the following relevant instructions to the jury:

> [I]n strict keeping with your oaths you must refuse absolutely to have your judgment influenced by sympathy, bias or prejudice either for or against the defendant or the state of Ohio. Your only concern is to decide the facts and whether they prove the offenses or any one of them under the indictment in this case.
>          * * *
> [Y]ou must base your conclusions only upon evidence introduced at trial.

ECF Doc. 7-5 at 155-58. Robinson did not object to the instructions. ECF Doc. 7-5 at 182.

After closing arguments, the jury deliberated for the afternoon until 4:30 PM, and the court released them for the weekend. ECF Doc. 7-6 at 58-59. On the morning of March 25, 2013, one of the prosecutors informed the court that he suspected a juror might have viewed his LinkedIn profile. *Id.* at 60-61. The prosecutor said that he did not know which juror might have viewed his profile because he only received notice that a "senior analyst" at a jewelry company had viewed his profile, and two jurors worked for that company. *Id.* at 62-63. Upon questioning, Juror No. 12 informed the court that she had "Googled" the prosecutor's names and saw one LinkedIn profile. *Id.* at 75-76. Juror No. 12 explained that she "was just curious if [she] got the spelling of the names correct," and affirmed that she did not send any messages to the prosecutor or do any other research related to the case. *Id.* at 77-78. She also said that her activity had not affected any deliberations or any of her positions on anything, and that she would be fair to both Robinson and the government. *Id.* at 83-84. The government asked the court to replace Juror No. 12, and Robinson asked that Juror No. 12 remain on the case. *Id.* at 87-88. The court agreed with Robinson. *Id.* at 89.

(*Id*. at PageID# 1300-01.)

Later that afternoon, however, another jury deliberation issue arose. (*Id.* at PageID# 1301.) The jury sent a note to the trial court, indicating that the jury was "hung" on three counts and asked the trial court what the jury's next course of action should be. (*Id.*) The government requested that the trial court direct the jury to continue deliberating because it was too early to give a *Howard*

2

instruction.[1]  (*Id.*)  Robinson, through counsel, requested that the trial court provide the *Howard* instruction, but also asked the trial court to direct the jury to stop deliberating on the count on which it had already reached a decision.  (*Id.* at PageID# 1302.)  The trial court struck a middle ground and instructed the jury as follows:

> It appears you have reached an agreement on one count. So your deliberations on that count should be undisturbed and are over.
>
> As for the [other] three counts, I just want you to know that your situation is not all that unusual. Based on the time that you've been deliberating, I think that a little more effort is in order in this particular case. However, that effort probably shouldn't be made this afternoon. If you have an evening to reflect and rest, you may come in tomorrow morning prepared to have productive discussions.

(*Id.*)  Robinson objected to this instruction.  (*Id.*)

On the morning of March 26, 2013, Juror 5 sent a note to the trial court.  According to the R&R:

> Juror No. 5 sent the court a note stating, "Can I get replaced for this case? . . . I feel like I have made good points and due to lack of evidence, I cannot make a – find him guilty." *Id.* at 97.  Robinson, through counsel, asked the court not to excuse Juror No. 5. *Id.* at 98. Robinson's counsel also said, "[O]bviously he has said what his verdict is and so they're hung on those so I would think at this point it would be appropriate to declare a mistrial." *Id.* at 98.  The court directed Juror No. 5 that he could not be excused and gave a full *Howard* instruction.  *Id.* at 100-04.  Robinson, through counsel, stated that he had no objection to the instruction as given. *Id.* at 105.

(*Id.*)  The jury then asked the trial court two clarification questions regarding complicity and aiding and abetting.  (*Id.* at PageID# 1302-03.)  The trial court proposed written instructions to counsel, to which Robinson's attorney objected.  (*Id.* at PageID# 1303.)  Robinson's counsel explained that he believed the jury asked its clarifying questions in an attempt to counter Juror 5's arguments against

---

[1] A *Howard* instruction refers to the "supplemental instruction Ohio courts give a jury when it informs the court that its deliberations are in deadlock. *See State v. Howard*, 42 Ohio St. 3d 18 (Ohio 1989) ((approving a charge that directs jurors in favor of acquittal to consider that their doubt might be unreasonable and directing jurors in favor of conviction that they might find reasonable doubt)."  (Doc. No. 12, PageID# 1301, n.2.)

convicting Robinson. (*Id.*) Robinson's counsel emphasized that he believed the trial court should grant a mistrial, due to a hung jury. (*Id.*) The trial court noted Robinson's objection, but determined that the trial court's role was to give the jury the information that they asked for, and that providing such information would not demonstrate partiality toward a particular juror's perspective and provided an answer to the jury's questions. (*Id.*)

> According to the R&R:
>
> On March 26, 2013, the jury found Robinson guilty of Count 3 (aggravated robbery), Count 4 (felony murder), and Count 5 (felonious assault) and not guilty of Count 2 (aggravated murder). The court granted Robinson's Rule 29 motion and dismissed Count 1 (aggravated murder). ECF Doc. 7-1 at 23. At sentencing, Robinson's counsel asked the court to merge Counts 3, 4, and 5 as allied offenses. ECF Doc. 7-6 at 143-46. The court determined that Count 3 (aggravated robbery) was not an allied offense of similar import to Counts 4 and 5, but that Counts 4 and 5 were allied offenses to each other. ECF Doc. 7-1 at 24; ECF Doc. 7-6 at 155. The court sentenced Robinson to the indeterminate, mandatory minimum sentence of 15 years to life imprisonment on Count 4 and a consecutive 3-year prison term on Count 3, for an aggregate sentence of 18 years to life imprisonment. ECF Doc. 7-1 at 24[.]

(*Id.* at PageID# 1304.)

### B. Direct Appeal

Robinson, through new counsel, filed a notice of appeal to the Ohio Court of Appeals ("state appellate court") on May 22, 2013. (Doc. No. 7-1, PageID# 140-41, Ex. 11.) Robinson raised five assignments of error, two of which are relevant to the instant Petition. (*Id.*) In his second assignment of error, Robinson argued that the trial court violated Robinson's right to a fair and impartial jury by (1) failing to provide the clarification that the jury requested; (2) interfering with deliberations; and (3) not granting a mistrial after the jury twice claimed it could not reach a verdict. (*Id.*) In his fifth assignment of error, Robinson argued that the trial court violated the Double Jeopardy Clause "when it concluded that the aggravated robbery count did not merge with the murder (B) and felonious

assault counts and sentenced him on both counts." (*Id.*) On July 3, 2014, the state appellate court affirmed Robinson's convictions and sentences. *Robinson*, 2014 WL 2986475, at *5.

### C. Appeal to Ohio Supreme Court

On August 18, 2014, Robinson, through counsel, sought leave to appeal to the Ohio Supreme Court. He raised the following four propositions of law:

> Proposition of Law 1: Responding to juror requests for clarification with incorrect statements of law creates confusion and violates the accused's right to a fair and impartial jury
>
> Proposition of Law 2: A mistrial is warranted where, during deliberations, a juror conducts outside research and the jury twice indicates that it cannot reach a verdict
>
> Proposition of Law 3: Failure to request a specific unanimity instruction regarding the jury's verdicts on accomplice liability constitutes ineffective assistance of counsel
>
> Proposition of Law 4: Aggravated robbery and Murder (B) are allied offenses that must merge when they are committed by the same conduct

(Doc. No. 7-1, PageID# 237, Ex. 15.) On January 28, 2015, the Ohio Supreme Court declined to accept jurisdiction of Robinson's appeal. (*Id.* at PageID# 288, Ex. 17.)

### D. Petition to Vacate or Set Aside Conviction or Sentence

On December 2, 2013, Robinson, proceeding *pro se*, filed a post-conviction relief motion to vacate or set aside judgment of his conviction or sentence. (*Id.* at PageID# 289, Ex. 18.) Robinson raised three issues in his post-conviction petition, none of which relate to the issues in the instant Petition. (*Id.*; *see also* Doc. No. 12, PageID# 1307.) The trial court denied Robinson's petition on March 10, 2017 and Robinson did not appeal. (Doc. No. 7-1, PageID# 297, Ex. 21; *see also* Doc. No. 12, PageID# 1307.)

5

### E. Federal Habeas Corpus Petition

On March 9, 2018, Robinson, through counsel, filed the instant Petition for Writ of Habeas Corpus. (Doc. No. 1.) Robinson raised four grounds for relief: (1) the trial court violated his right to a fair trial and impartial jury when it responded to the jury's requests for clarification by providing it with incorrect statements of the applicable law; (2) the trial court violated his right to a fair and impartial jury when it failed to declare a mistrial after numerous irregularities involving various jurors and the jury twice indicated that it was deadlocked; (3) trial counsel was ineffective for failing to request a specific unanimity instruction for the jury's verdict on accomplice liability; and (4) the trial court violated the prohibition against double jeopardy when it concluded that the aggravated robbery count did not merge with the murder (B) and felonious assault counts, and sentenced him consecutively on both. (Doc. No. 1-2, PageID# 25-32.) Respondent Warden Ed Sheldon filed an Answer on May 23, 2018. (Doc. No. 7.) Robinson filed his Traverse on August 1, 2018. (Doc. No. 10.) Notably, in his Traverse, Robinson withdrew his first and third grounds for relief. (*Id.* at PageID# 1287, n.1.) Respondent filed a Response to Petitioner's Traverse on August 3, 2018. (Doc. No. 11.)

On January 6, 2020, the Magistrate Judge issued an R&R recommending that Robinson's Petition be denied. (Doc. No. 12, PageID# 1299.) The Magistrate Judge concluded that Robinson's first and third claims should be dismissed because Robinson withdrew those claims in his Traverse. (*Id.* at PageID# 1325.) Next, with respect to Ground Two, the Magistrate Judge first concluded that Robinson's Ground Two sub-claim that the trial court violated his constitutional rights when it failed to declare a mistrial based on Juror 12's outside research was procedurally defaulted and that Robinson could not overcome the procedural default. (*Id.* at PageID# 1316-17.) The Magistrate

Judge concluded, however, that Robinson's Ground Two claim was not procedurally defaulted with respect to his sub-claims based on the jury's indications that it was deadlocked and the trial court's allegedly confusing jury instructions. (*Id.* at PageID# 1318.) Accordingly, the Magistrate Judge proceeded to analyze Ground Two's cognizability.

The Magistrate Judge concluded that Ground Two—including Robinson's sub-claim regarding Juror 12's outside research—was not cognizable under federal habeas review. (*Id.* at PageID# 1318-19.) Further, the Magistrate Judge concluded that, even if the Court determined that Robinson's Ground Two alleged a denial of fundamental fairness that sufficiently converted his non-cognizable state-law mistrial claim into a cognizable due process claim, it nevertheless would fail on the merits. (*Id.* at PageID# 1319-20.) Finally, the Magistrate Judge concluded that Ground Four, Robinson's double jeopardy claim, failed on the merits. (*Id.* at PageID# 1324-25.) Thus, he recommended that the Court also dismiss Robinson's Grounds Two and Four.

On January 13, 2020, Robinson, through counsel, requested an extension of time to file Objections to the R&R. (Doc. No. 13.) On March 12, 2020, Robinson, proceeding pro se, filed Objections to the R&R. (Doc. No. 14.) Respondent did not respond to Robinson's Objections.

## II. Standard of Review

Parties must file any objections to a Report and Recommendation within fourteen days of service. Fed. R. Civ. P. 72(b)(2). Failure to object within this time waives a party's right to appeal the district court's judgment. *See Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

When a petitioner objects to the magistrate judge's report and recommendation, the district court reviews those objections *de novo*. Fed. R. Civ. P. 72(b)(3). A district judge:

7

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.* "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Jones v. Moore*, No. 3:04-cv-7584, 2006 WL 903199, at *7 (N.D. Ohio Apr. 7, 2006) (citing *Walters*, 638 F.2d at 949-50).

The Court conducts a *de novo* review of the portions of the Magistrate Judge's Report to which Petitioner has properly objected.

**III.    Analysis**

    **A.    Ground Two: Failure to Grant Mistrial**

The Magistrate Judge concluded that Robinson's Ground Two sub-claim related to Juror 12's outside research was procedurally defaulted and that Robinson could not overcome the procedural default. (Doc. No. 12, PageID# 1318.) He further concluded that Robinson's remaining Ground Two sub-claims—the jury's indications that it was deadlocked and the trial court's allegedly confusing instructions—were not procedurally defaulted. (*Id.*) Next, the Magistrate Judge concluded that Ground Two—including Robinson's sub-claim related to Juror 12's outside research—was not cognizable, and that, even if the Court determined that Ground Two was cognizable, it failed on the merits. (*Id.* at PageID# 1318-20.) Robinson does not object to the Magistrate Judge's finding that Robinson procedurally defaulted his sub-claim with respect to Juror 12's outside research. However, Robinson appears to object to the Magistrate Judge's finding on cognizability. Therefore, finding no clear error with respect to the Magistrate Judge's conclusion on procedural default, the Court adopts

8

the Magistrate Judge's finding that Robinson's sub-claim with respect to Juror 12's alleged outside research is procedurally defaulted. Further, the Court adopts the Magistrate Judge's finding that Robinson's remaining sub-claims are not procedurally defaulted.

With respect to Ground Two's cognizability, the Magistrate Judge concluded:

Under Ohio law, the decision whether to grant or deny a motion for mistrial rests within the sound discretion of the trial court. *State v. Sage*, 31 Ohio St. 3d 173, 182 (1987). And a trial court's discretionary decision is generally a state-law issue. *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) ("[A] state trial court's alleged abuse of discretion, without more, is not a constitutional violation."). Thus, this court has consistently rejected habeas claims challenging a state trial court's failure to declare a mistrial as non-cognizable on federal habeas review. *See, e.g., Kyle v. Gansheimer*, No. 5:11-cv-1395, 2013 U.S. Dist. LEXIS 171623, at *50-52 (N.D. Ohio, Oct. 3, 2013), *adopted by* 2013 U.S. Dist. LEXIS 171620 (N.D. Ohio, Dec. 4, 2013); *Adams v. Bunting*, No. 1:14-cv-1450, 2015 U.S. Dist. LEXIS 107948, at *21-22 (N.D. Ohio, July 28, 2015), *adopted by* 2015 U.S. Dist. LEXIS 147601 (N.D. Ohio, Oct. 30, 2015); *Pryor v. Miller*, No. 5:15-cv-932, 2017 U.S. Dist. LEXIS 192612, at *18-19 (N.D. Ohio, Oct. 26, 2017), *adopted by* 2017 U.S. Dist. LEXIS 192614 (N.D. Ohio, Nov. 21, 2017); *Hickman v. Bradshaw*, No. 5:16-cv-1077, 2017 U.S. Dist. LEXIS 222699, at *33-34 (N.D. Ohio, Nov. 30, 2017), *adopted by* 2019 U.S. Dist. LEXIS 34977 (N.D. Ohio, Mar. 5, 2019).

(Doc. No. 12, PageID# 1318-19.)

Robinson filed several Objections in response to the Magistrate Judge's Ground Two analysis. Most of Robinson's Ground Two Objections relate to his sub-claim that Juror 12 conducted outside research. (Doc. No. 14, PageID# 1330-32.) First, Robinson objects generally to the Magistrate Judge's conclusion that Robinson's sub-claim that a juror conducted outside research is not cognizable:

. . . Robinson contends that the trial court acted unreasonably by not declaring a mistrial because Juror No. 5[2] had violated instructions not to form outside opinions or do research outside the jury deliberation chamber. The court challenged her ability to obey a curative instruction. Robinson also contends that when a juror obtains

---

[2] Although Robinson says that Juror 5 violated the trial court's instructions not to perform outside research, the Court will interpret Robinson to mean that Juror 12 was the juror who allegedly performed the outside research, as the record demonstrates that it was Juror 12 who conducted outside research. (Doc. No. 7-6, PageID# 1186-87.)

9

> extrajudicial information contrary to the state's case through misconduct, the situation is presumptively prejudicial, and the burden shifts. [ ] **Is this not a Constitutional violation of clearly established [f]ederal [l]aw?**

(*Id.* at PageID# 1330-31, emphasis added.) Second, Robinson appears to reiterate his argument that Juror's 12 outside research should have merited a mistrial when he argues "that the trial judge manifestly abused his discretion when it did not find that the juror[']s misconduct affected the outcome of the trial and[/]or the reasonable minds of the other jurors." (*Id.* at PageID# 1332.) Finally, Robinson claims that "substantial grace was afforded to the juror who defied the strict guidance [ ]not to talk about this case outside the jury or form opinions from outside sources." (*Id.* at PageID# 1333.)

In addition to his objections regarding his sub-claim about Juror 12's outside research, Robinson also objects generally to the Magistrate Judge's finding that Ground Two is not cognizable, arguing that "[i]t is impossible to conclude that substantial rights were not affected" after the jury twice indicated that it was deadlocked. (*Id.* at PageID# 1331.) To support this objection, Robinson reiterates the argument from his Petition that if a court fails to discharge a jury after protracted deliberations, there is a significant risk that the jury's verdict may result from pressure. (*Id.*)

With respect to his argument that the trial court violated Robinson's right to a fair and impartial jury when it failed to grant a mistrial after issuing confusing jury instructions, Robinson reiterates the same arguments he made in his Petition and Traverse that the trial court's jury instructions regarding complicity and aiding and abetting were erroneous. (*Id.* at PageID# 1332; *see also* Doc. No. 1-2, PageID# 28, Doc. No. 10, PageID# 1287-90.) Robinson argues that it is "reasonable to suggest that [the] jury's failure to reach a unanimous decision" on the counts stemmed from the trial court's confusing jury instructions on the difference between "complicit and aiding and abetting" because the jury successfully reached a unanimous verdict with respect to the aggravated

murder charge. (Doc. No. 14, PageID# 1332.) According to Robinson, he objects to the Magistrate Judge's analysis because the trial court's jury instructions "should be comprehensive and clear" to avoid misinterpretation of the law, and to avoid forming a verdict based on "frustration, exhaustion, or coercion from the court." (*Id.* at PageID# 1332-33.) He argues that "[f]or plain and obvious reasons, Mr. Robinson[']s constitutional rights to be tried by an impartial jury were not afforded" because the trial court's instructions were unclear. (*Id.* at PageID# 1333.) Robinson urges the Court that "all circumstances presented in this case must be taken into consideration" and that the errors are "plain . . . on the face of the record, [and] a mistrial should have been reasonably granted." (*Id.*)

The Court has reviewed the Magistrate Judge's findings on the issue of the cognizability of Ground Two and finds no clear error. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *see also Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001). A trial court's failure to declare a mistrial is an error of state law not cognizable on federal habeas review. *See Hickman v. Bradshaw*, No. 5:16-cv-1077, 2017 WL 10901962, at *12 (N.D. Ohio, Nov. 30, 2017), *adopted by* 2019 WL 1040846 (N.D. Ohio Mar. 5, 2019). A federal habeas court may not second-guess a state court's decision regarding matters of state law. *Id.*; *see also, e.g., Estelle*, 502 U.S. at 67-68; *Norris v. Schotten*, 146 F.3d 314, 328-29 (6th Cir. 1998) ("A claim based *solely* on an error of state law is not redressable through the federal habeas process.").

The Court concludes that Robinson's Objections with respect to Ground Two are unavailing. First, the Court will address Robinson's Ground Two Objections that address his sub-claim that Juror 12's alleged outside research merited a mistrial. (*See* Doc. No. 14, PageID# 1330-32.) These objections are particularly unavailing because, as discussed above, the Magistrate Judge concluded

that Robinson procedurally defaulted this claim and Robinson does not object to that conclusion. Therefore, even if Robinson's claim that the trial court violated his right to a fair and impartial jury by failing to declare a mistrial after Juror 12 conducted outside research was cognizable, it is nevertheless procedurally defaulted. *See supra.*

Second, Robinson's Ground Two Objections that do not address his juror misconduct sub-claim—including his general objection that "[i]t is impossible to conclude that substantial rights were not affected" after the jury twice indicated that it was deadlocked and his objection that the trial court manifestly abused its discretion by not granting a mistrial after issuing confusing jury instructions—fare no better. (*See supra*; *see also* Doc. No. 14, PageID# 1331-33.) Robinson's objections do not address the Magistrate Judge's cognizability analysis, but rather focus on the merits of his mistrial claim and the various bases on which he asserts that he was entitled to a mistrial. (*Id.* at PageID# 1331.) Robinson does not identify specific errors in the Magistrate Judge's cognizability analysis or refute the Magistrate Judge's conclusion that Ground Two is not cognizable. Instead, in his Objections, Robinson disagrees generally with the Magistrate Judge's conclusion and argues briefly that "it is impossible to conclude substantial rights were not affected," before rehashing the same arguments relating to the jury deadlock and jury instructions that he brought in his Petition and Traverse. (Doc. No. 14, PageID# 1331-33.) This is not sufficient to raise a specific objection to the Magistrate Judge's analysis of the cognizability of Robinson's claims. *See, e.g., Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991) (finding that a general objection that does not "address specific concerns with the magistrate's report" will not suffice); *King v. Caruso*, 542 F. Supp. 2d 703, 706 (E.D. Mich. 2008) ("[I]f the 'objection' merely states a disagreement with the magistrate's suggested resolution or summarizes what was brought before the magistrate, it is not an

objection for the purposes of this review."); *Rembert v. Wilson*, No. 1:07-CV-1189, 2010 WL 3895083, at *7 (N.D. Ohio Sept. 23, 2010) ("Rembert's objection is simply reiterating the same argument that Judge Perelman addressed in his review of the state appellate court's determination. 'The Court will not entertain the objections which simply restate the legal arguments rejected by the Report.' *Felder v. Ohio Adult Parole Authority*, 2009 WL 3763067 (N.D.Ohio 2009).").

Even assuming Robinson's Objections were sufficiently specific, the Court finds no error in the Magistrate Judge's cognizability conclusion under a *de novo* review.  Robinson's Objections reiterate the same problematic arguments from his Petition and Traverse: the fundamental error in Ground Two, the trial court's failure to grant a mistrial, is a *state* law error.  (Doc. No. 14, PageID# 1330-1333.)  Robinson points to no Supreme Court cases that hold that, under the Constitution, trial courts are obligated to declare mistrials upon the bases that Robinson asserts the trial court should have done so.  (*Id.*)  Further, while Robinson references a handful of Supreme Court cases, including *Kotteakos v. United States*, *Arizona v. Washington*, and *Keerl v. Montana*, Robinson fails to explain how any of these cases support his argument that his "substantial rights" were affected when the trial court failed to grant a mistrial.   Indeed, as the Magistrate Judge observed, *Arizona v. Washington* cautions trial courts *against* granting mistrials in cases where juries indicate deadlock absent "manifest necessity."  *Arizona v. Washington*, 434 U.S. 497, 510 (1978).  (*See also* Doc. No. 12, PageID# 1320.)

Robinson's argument that the trial court committed a manifest abuse of discretion according to *Hanoff v. State* is similarly unpersuasive.  (Doc. No. 14, PageID# 1332.)  First, *Hanoff* is not especially relevant to the instant matter.  In *Hanoff*, the Ohio Supreme Court examined whether a trial court abused its discretion in failing to limit the cross-examination of the defendant, who voluntarily

13

testified on his own behalf. *Hanoff v. State*, 37 Ohio St. 178, 183 (Ohio 1881). Second, to the extent that *Hanoff* relates generally to a trial court's exercise of discretion, it is unhelpful for Robinson because it cautions reviewing courts that trial courts are typically best suited to determine how and when to exercise their discretion. *Id.* The *Hanoff* court concluded that the extent of cross-examination is best left "to the discretion of the trial court, subject only to review where that discretion has been abused." *Id.* Third, and more fundamentally, *Hanoff* is a *state* case that addressed an alleged violation of *state* law. *Id.* A violation of state law is not cognizable under habeas review unless it rises to the level of a constitutional violation. *See Albourque v. Bradshaw*, No. 1:11-CV-1506, 2013 WL 775080, at *5 (N.D. Ohio Feb. 28, 2013) (in adopting the magistrate judge's report and recommendation and dismissing the petitioner's habeas petition, the district court concluded that "whether the Ohio courts erred under state law in sentencing Petitioner or in adjudicating his appeals is a question beyond the subject matter of this Court, absent a constitutional violation").

Accordingly, Robinson's Objections with respect to the cognizability of Ground Two are overruled. The Court adopts the Magistrate Judge's finding that Ground Two is not cognizable under federal habeas review.

### B. Ground Four: Failure to Merge Offenses for Sentencing

The Magistrate Judge concluded that Robinson's double jeopardy claim was cognizable under federal habeas review. (Doc. No. 12, PageID# 1324.) The Magistrate Judge examined the merits of Robinson's Ground Four and found that the Ohio legislature did not intend for Robinson's aggravated robbery conviction to merge with his murder conviction and therefore intended to permit multiple sentences. (*Id.* at PageID# 1325.) Accordingly, the Magistrate Judge recommended that this Court

deny Robinson's Ground Four on the merits because his cumulative sentences do not violate the Double Jeopardy Clause. (*Id.*)

Notably, Robinson does not object to any part of the Magistrate Judge's double jeopardy analysis or the Magistrate Judge's conclusion that Robinson's cumulative sentences do not violate the Double Jeopardy Clause. (Doc. No. 12, PageID# 1325.) Robinson's Ground Four Objections do not even mention the Double Jeopardy Clause or Ohio's merger statute, Ohio Rev. C. § 2941.25. Instead, in his Objections, Robinson argues that the witnesses who testified that they saw Robinson near the victim's body were highly intoxicated at the time of the attack, that one of the witnesses identified Robinson's co-defendant, not Robinson, as the individual who went through the victim's pockets, and that there was no blood found on Robinson's shoes, despite witness testimony that Robinson kicked the victim. (Doc. No. 14, PageID# 1333-34.) According to Robinson, "the cumulative effects of these unlikely circumstances . . . caused this trial to take the course it did" and "cause[d] prejudice to Mr. Robinson and the magistrate[']s analysis is clearly outside reasonable consideration that Robinson[']s trial was fair and warranted a new trial." (*Id.*)

The Court has reviewed the Magistrate Judge's findings on Robinson's double jeopardy claim and finds no clear error. The Double Jeopardy Clause protects a criminal defendant from a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and against multiple punishments for the same offense. *Banner v. Davis*, 886 F.2d 777, 789 (6th Cir. 1989) (citing *Brown v. Ohio*, 432 U.S. 161, 165 (1977)). "Whether punishments are 'multiple' under the [D]ouble [J]eopardy [C]lause is essentially a question of legislative intent." *Id.* at 789-80. For the purposes of double jeopardy analysis, "once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that

15

determination." *Id.* at 780.  To determine whether the state legislature intended state-law violations to merge into a single offense, a federal habeas court looks to whether the state courts have interpreted the state legislature's intent.  *Volpe v. Trim*, 708 F.3d 688, 697 (6th Cir. 2013).  A federal habeas court is bound by the state court's interpretation of state law, even if that interpretation was announced on direct appeal of the challenged conviction.  *Id.* (citing *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam)).  In the instant matter, the Magistrate Judge observed that, on Robinson's direct appeal, the state appellate court interpreted whether the Ohio legislature intended for aggravated robbery to merge with felony murder under the circumstances presented in Robinson's case.  (Doc. No. 12, PageID# 1324, citing *State v. Robinson*, 2014 WL 2986475, at *9 (Ohio 8th Dist. Ct. App. 2014).) The state appellate court concluded that the Ohio legislature did not intend for the offenses of aggravated robbery and murder to merge where "'the force used to effectuate an aggravated robbery is far in excess of that required to complete the robbery, or where the circumstances suggest that a separate intent to kill existed.'"  *Robinson*, 2014 WL 2986475, at *9 (quoting *State v. Segines*, 2013 WL 6221376, at *3 (Ohio 8th Dist. Ct. App. 2013)).  In Robinson's case, the state appellate court concluded that Robinson and his co-defendant "used excessive force" to subdue the victim when they beat the victim until unconscious and then kicked him repeatedly after he lost consciousness.  *Id.* at *10.  According to the state appellate court, it was not until the victim appeared dead that property was removed from his body.  *Id.*  Based on this evidence, the state appellate court concluded that "the murder and aggravated robbery offenses were not allied offenses of similar import."  *Id.*

The Magistrate Judge concluded that Robinson's cumulative sentences did not violate the Double Jeopardy Clause because, according to the state appellate court's interpretation of Ohio law, the Ohio legislature did not intend for an aggravated robbery conviction to merge with a murder

16

conviction where the force applied in the aggravated robbery is far in excess of that necessary to effectuate the robbery. (Doc. No. 12, PageID# 1325.) Accordingly, the Court agrees with the Magistrate Judge's recommendation that Robinson's Ground Four should be dismissed on the merits.

To the extent that Robinson's arguments can be construed as general objections to the Magistrate Judge's analysis of his double jeopardy claim, Robinson's Objections are not sufficient. As discussed above, general objections that do not "address specific concerns with the magistrate's report" do not suffice. *Howard*, 932 F.2d at 509. *See also Woods v. Comm'r of Soc. Sec.*, No. 3:18-cv-1070, 2019 WL 4017044 at * 1 (N.D. Ohio Aug. 26, 2019) ("Because Woods 'simply objected to the report and recommendation and referred to [one] issue[ ] in the case' rather than 'specifically [ ] address the findings of the magistrate,' her general objection" is not sufficient). Robinson's Objections do not address the Magistrate Judge's analysis, or even the Double Jeopardy Clause. Accordingly, Robinson's Objections with respect to Ground Four are overruled. The Court adopts the Magistrate Judge's conclusion that Ground Four should be dismissed on its merits.

## IV. Conclusion

For the foregoing reasons, Petitioner's Objections (Doc. No. 14) are overruled, the Report & Recommendation (Doc. No. 12) is adopted in its entirety, and the Petition (Doc. No. 1) is denied. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

    *s/Pamela A. Barker*
PAMELA A. BARKER
Date: February 8, 2021    U. S. DISTRICT JUDGE